UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEMODULATION, INC.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>APPLIED DNA SCIENCES, INC., CORNING INCORPORATED, ALFRED UNIVERSITY, ALFRED TECHNOLOGY RESOURCES, INC., JOHN AND JANE DOES 1-10 (fictitious names for individuals whose identities are not yet known), and XYZ CORPORATIONS 1-10 (fictitious names for corporations whose identities are not yet known),<br><br>　　　　Defendants. | Civil Action No. 11-cv-00296-WJM-MF<br><br>**RETURN DATE:  NOVEMBER 7, 2011** |

**APPLIED DNA SCIENCES, INC.'S MEMORANDUM OF LAW IN
OPPOSITION TO ALFRED UNIVERSITY'S MOTION TO TRANSFER**

Felice B. Galant
FULBRIGHT & JAWORSKI L.L.P.
Attorneys for Defendant Applied DNA Sciences, Inc.
666 Fifth Avenue
New York, NY 10103
(212) 318-3000
fgalant@fulbright.com

Defendant Applied DNA Sciences, Inc. ("ADNAS") submits this memorandum of law in opposition to Defendant Alfred University's ("Alfred") motion to transfer.

## SUMMARY OF ARGUMENT

Pursuant to an exclusive forum selection clause in plaintiff Demodulation, Inc.'s ("DEMOD") contract with defendant Corning Incorporation ("Corning"), Alfred's motion to transfer must be denied. A motion to transfer pursuant to 28 U.S.C. § 1404(a) may only be maintained if the case could have been brought in the district court to which transfer is being sought. Corning entered into a confidentiality agreement with DEMOD. (Declaration of James O'Keefe, Jr., in Opposition to Alfred's Motion To Transfer ("Keefe Decl."), Ex. J.) The confidentiality agreement contains an exclusive forum selection clause that states that "any dispute arising out of the Agreement" must be brought in a court in New Jersey. (*Id.* ¶ 6.) Perhaps because Corning realized that forum selection clause would be counterintuitive to Alfred's motion to transfer, Corning submitted a two-page letter in support of Alfred's motion to transfer, rather than file its own motion. (*See generally* Dkt. No. 37 (Letter from Liza M. Walsh ("Walsh Letter")).) Due to the exclusive forum selection clause, the claims brought herein could not have been brought in the Western District of New York, and Alfred's motion must be denied.

Even if the exclusive forum selection clause did not govern, Alfred's motion must be denied. Alfred filed the instant motion, on the ground that the Western District of New York would be a more convenient jurisdiction in which to litigate the claims against it. But traveling to upstate New York to defend Plaintiff's claims would be inconvenient to ADNAS, a Delaware corporation whose only U.S. offices are in Long Island, New York. The requested transfer would also inconvenience Plaintiff, who resides in New Jersey, and whose choice of forum is

afforded deference.  No allegation has been made that any witnesses or documents would not be available in the District of New Jersey.

New Jersey also has an interest in ensuring the enforcement of contracts with New Jersey entities.  While Plaintiff has not alleged any contract claims against ADNAS, it has alleged such claims against Alfred and defendants Alfred Technology Resources, Inc. ("ATRI"), and Corning.  In fact, these contractual relationships form essential parts of Plaintiff's New Jersey Civil RICO, federal RICO, and misappropriation of trade secrets claims, and are at the heart of Plaintiff's Amended Complaint.  (*See generally* Am. Compl. ¶¶ 50-73, 123-125.)  While the Memorandum of Understanding executed between DEMOD and Alfred is governed by New York law, the Non Disclosure Agreement between DEMOD and Corning contains (in addition to the forum selection clause) a New Jersey choice of law provision.  (Dkt. No. 36 (Declaration of Giovina M. Lloyd in Support of Alfred University's motion to transfer ("Lloyd Decl.")) ¶ 10; Walsh Letter at 1.)

In addition, all of ADNAS's co-defendants, including Alfred, has submitted to the jurisdiction of this Court, as none of them has moved to dismiss the Complaint on jurisdictional grounds.  ADNAS is the only party who previously moved to dismiss on that basis.  (Declaration of Felice B. Galant, dated September 30, 2011, ("Galant Decl."), Ex. A ¶ 2.)  Although ADNAS believes that it is not subject to the personal jurisdiction of this Court, should the Court deny Plaintiff's motion to transfer, ADNAS would withdraw its jurisdictional objections.[1]

As demonstrated below, Alfred's motion must be denied because the action could not have been brought in the Western District of New York due to the exclusive forum selection

---

[1] Pursuant to the Stipulation and Order dated July 25, 2011, ADNAS reserves the right to file a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b).

clause between DEMOD and Corning.  Further, even if the exclusive forum selection clause did not apply, Alfred has failed to show that the private and public interest factors weigh in favor of transfer, especially given the great deference to be awarded to Plaintiff's choice of forum, the New Jersey choice of law clause, and the inconvenience to both ADNAS and DEMOD.

## PROCEDURAL HISTORY

On January 18, 2011, Plaintiff filed its Complaint against Defendants Corning, Alfred, ATRI, and ADNAS, but it did not serve it on ADNAS until May 18, 2011.  (Dkt. No. 1.)  On July 8, 2011, defendants ADNAS, Corning, Alfred and ATRI filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, and ADNAS filed its motion on the additional ground of lack of personal jurisdiction.  (Dkt. Nos. 16, 18, 21, 23, 25 at 7-12.)  Alfred filed a motion to transfer.  (Dkt. No. 20.)

On July 28, 2011, Defendants agreed to withdraw their pending motions to dismiss and to allow Plaintiff to file an amended complaint.  (Dkt. No. 32.)  Plaintiff filed its Amended Complaint on August 3, 2011.  (Dkt. No. 33.)  Alfred filed a new motion to transfer on September 9, 2011.  (Dkt. No. 35.)

## SUMMARY OF ALLEGATIONS IN THE AMENDED COMPLAINT

DEMOD is a Delaware limited liability company with its principal place of business in Goodwin Terrace, Westwood, New Jersey.  (Dkt. 34 ("Am. Compl.") ¶¶ 1-2.)  ADNAS is also a Delaware corporation, with its principal place of business and only U.S. based-offices in Stony Brook, New York.  (Am. Compl. ¶ 3; Jensen Decl. ¶ 2.)  The documents and employees of ADNAS are located in its Stony Brook, New York, offices.  (Am. Compl. ¶ 3; Jensen Decl. ¶ 2.)

Alfred, ATRI, and Corning are New York entities with their principal places of business in New York. (Am. Compl. ¶¶ 4-6.)

DEMOD's Amended Complaint stems from its failure to secure funding for its glass covered amorphous metal microwires ("microwire") technology. (Am. Compl. ¶¶ 9, 47-49.) DEMOD allegedly entered into an agreement with Alfred to secure state, federal and private funding for the advancement of DEMOD's microwire technology. (Am. Compl. ¶ 17.) Pursuant to the agreement, DEMOD allegedly began working at Ceramic Corridor Innovation Center in Alfred, New York, which was managed by ATRI, a corporation operated by Alfred and Corning. (Am. Compl. ¶ 19.) DEMOD alleges that DEMOD and Alfred, ATRI, and Corning executed non-disclosure agreements. (Am. Compl. ¶ 22.)

DEMOD alleges that Alfred, ATRI, and Corning violated the contracts among them (Am. Compl. ¶¶ 86-115), and the transmission of proprietary and trade secrets and failure to participate jointly in research in violation of these contracts runs throughout DEMOD's Amended Complaint. For example, DEMOD claims that, in an effort to block its marketing efforts, Corning met with Advanced Coding Systems, an Israeli company, yet failed to disclose these relationships to DEMOD. (Am. Compl. ¶¶ 23-25.) It alleges that Corning provided ADNAS proprietary information as well. (*Id.* ¶ 29.) The contractual relationships among those parties are relied upon in the RICO and misappropriation counts as well. (*See generally* Am. Compl. ¶¶ 50-73, 123-125.) The Confidentiality Agreement entered into between Corning and DEMOD contains an exclusive forum selection clause and New Jersey choice of law clause that provides: "This Agreement shall be governed and construed in accordance with the laws of the United States and the State of New Jersey and [Corning] consents to the exclusive jurisdiction of the state courts and U.S. federal courts located there for any dispute arising out of this

Agreement." (O'Keefe Decl. Ex. J. ¶ 7; Walsh Letter at 1.) Further, New Jersey law applies to the contractual relationship between Corning and DEMOD. New York law applies to the contractual relationship between Alfred and DEMOD. (Lloyd Decl. ¶ 10.)

DEMOD purports to plead seventeen claims against defendants under several legal theories. (Am. Compl. ¶¶ 50-154.) It alleges breach of contract claims against Corning, Alfred and ATRI for failing to secure funds for DEMOD and sharing trade secrets with third parties, including ADNAS. (*Id.* ¶¶ 86-95, 101-107, 108-115.) It alleges that Corning made defamatory statements about DEMOD that called into question the propriety of its microwire technology, and that Alfred made a false statement in a grant application. (*Id.* ¶¶ 116-122, 129-133.) Plaintiff alleges that Corning, Alfred and ATRI prevented it from doing business with or getting loans or grants from third parties. (*Id.* ¶¶ 126-128.) It also alleges that ATRI was used by Alfred and Corning to perpetrate the acts described in the Amended Complaint and the Court should pierce the corporate veil and find ATRI liable for any acts of Alfred and Corning. (*Id.* ¶¶ 96-100.) It further alleges that ATRI, because it was funded by the State of New York and acted under color of state law, deprived DEMOD of its constitutional rights. (*Id.* ¶¶ 134-139.)

DEMOD purports to plead six claims against ADNAS – a claim for tortious interference with prospective business relations, three RICO claims, a state and federal anti-trust claim, and a patent infringement claim. (*Id.* ¶¶ 50-85, 123-125, 140-151.) The tortious interference claim is also asserted against Corning, Alfred, and ATRI. (*Id.* ¶¶ 123-125.) The RICO claims are asserted against Corning, Alfred, and ADNAS. (*Id.* ¶¶ 50-73.) These claims boil down to the same thing – that defendants were somehow responsible for ensuring that DEMOD's applications for grants and loans from various New York federal, state and private organizations would be denied. (*Id.* ¶¶ 50-73, 123-125.) The anti-trust claim alleges that defendants combined

and conspired to ensure that ADNAS purchased microwire from ACS, instead of DEMOD (*id.* ¶¶ 74-85), and the patent infringement claim relies upon DEMOD's allegation that ADNAS infringed upon several of DEMOD's patents.  (*Id.* ¶¶ 140-151.)

## ARGUMENT

Alfred has not met its burden of proving that DEMOD's choice of forum should be disregarded in favor of a transfer to the Western District of New York.  First, Alfred must prove that the case could have been brought in the district to which transfer is sought.  28 U.S.C. § 1404(a).  Due to the exclusive forum selection clause in favor of the courts of New Jersey, the Western District of New York is not a district in which the case could have been brought.

Further, even if the exclusive forum selection clause were not present, the moving party bears the burden of establishing that a transfer of venue is appropriate pursuant to 28 U.S.C. § 1404(a) and establishing that the alternative forum is more convenient that the present forum. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).  Even if a court determines that venue is proper in another district, it must consider whether transfer would serve the convenience of the parties and witnesses and the interests of justice.[2]  28 U.S.C. § 1404(a); *Jumara*, 55 F.3d at 879.  The Court may consider several private and public interest factors in making the convenience determination.  *Jumara*, 55 F.3d at 879-80.  As discussed below, given the deference to be accorded to DEMOD's choice of forum, the application of New Jersey law to the

---

[2] Alfred's reliance on *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511 (D.N.J. 1998), should be accorded little weight for any proposition other than the Court should consider where the claims arose as part of its analysis in determining whether the moving party has met its burden.  As this Court recognized, *Tischio* relied on the pre-amendment version of 28 U.S.C. § 1391(a), which provided for a heightened reliance on the place of injury, the defendant's contacts with the forum, and whether a substantial part of the claims arose in the forum.  *Umoe Schat Harding, Inc. v. N.Y. Marine & Gen'l Ins. Co.*, Civ. No. 10-3722, 2011 WL 1211462, at *4 n.1 (D.N.J. Mar. 29, 2011) (Martini, J.).  This analysis "is no longer relevant," and the Court should consider where the claims arose as only one factor in the convenience analysis.  *Id.*

majority of the claims against Corning and perhaps other defendants, and the lack of other factors weighing heavily in favor of transfer, the Court should deny Alfred's motion to transfer.

### A. Venue Is Not Proper in the Western District of New York Because of an Exclusive Forum Selection Clause in Favor of New Jersey Courts.

Alfred's motion must be denied because an exclusive forum selection clause in favor of the New Jersey courts renders the Western District of New York an unavailable forum. "[A] district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a); *Green v. Equifax Info., LLC*, Civil Action No. 10-244(MLC), 2010 WL 1742112, at *1 (D.N.J. Apr. 28, 2010). The Confidentiality Agreement between Corning and DEMOD, which forms the basis for the breach of contract claim against Corning and the basis for DEMOD's state and federal RICO and anti-trust claims, contains an exclusive forum selection clause that mandates that claims arising out of that agreement be brought in the courts of New Jersey. (O'Keefe Decl. Ex. J ¶ 4.)

Further, the claims against defendants contain several conspiracy and other counts against all defendants and are based on the same alleged operative facts, so that severance of these claims would not be efficient or proper. Because the exclusive forum selection clause mandates that those claims be brought in this Court (and because those claims could not have been brought in the Western District of New York), Alfred's motion must be denied.

### B. Alfred's Motion Must Be Denied Because the Private and Public Factors Weigh Against Transfer.

Alfred's motion to transfer must be denied even if the forum selection clause is not enforced. The public and private factors, including the deference to be accorded to DEMOD's choice of forum, the application of New Jersey law to the majority of the claims against Corning

and perhaps other defendants, and the lack of other factors weighing heavily in favor of transfer, weigh in favor of denying Alfred's motion to transfer.

> 1. The Private Interest Factors Favor Denial of the Motion To Transfer Because the Court Should Greatly Defer to Plaintiff's Choice of Forum.

DEMOD's choice of forum is entitled to great deference, DEMOD and ADNAS would suffer inconvenience, and the location of the witnesses and documents does not favor transfer. The private interest factors include the plaintiff's choice of forum, where the claim arose, the convenience of the parties, the convenience of the witnesses, and the location of documentary evidence. *Id.* Alfred has not met its burden of proving that these factors weigh in favor of transfer.

DEMOD's choice of this forum should not be rejected merely because the Amended Complaint refers to facts that allegedly occurred outside this District. A plaintiff's "choice of forum is a paramount consideration that should not lightly be disturbed." *Clark v. Burger King Corp.*, 255 F. Supp. 2d 334, 338 (D.N.J. 2003). Only when the inconvenience to the parties strongly favors a change of venue should a court disturb a plaintiff's choice of forum. *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970). Alfred's motion focuses on its convenience, but not that of any other party, and certainly not of ADNAS or Plaintiff. While Corning submitted a letter joining in the motion, it did not explain how the convenience factors weigh in favor of transfer. Further, Corning's agreement with DEMOD contains a mandatory New Jersey forum selection clause and a New Jersey choice of law clause.

The transfer to the Western District of New York would be inconvenient for ADNAS, because it would have to travel many hours to attend court hearings and trial. Because this forum is more convenient than the Western District of New York and DEMOD's forum is

entitled to deference, ADNAS is willing to submit to the personal jurisdiction of this Court to avoid such transfer.

Moreover, the location of documents and the convenience of witnesses should only weigh in favor of transfer if the documents or witnesses cannot be made available in the original forum. *Jumara*, 55 F.3d at 880 (noting that the convenience of the witnesses is a factor "but only to the extent that the witnesses may actually be unavailable for trial in one of the fora"); *Clark*, 255 F. Supp. 2d at 339 ("[W]hen documents can be transported and/or easily photocopied, their location is entitled to little weight."). Alfred has not contended that any witnesses or documents are unavailable in this forum. Alfred's presence in the Western District of New York, therefore, is not a sufficient basis to move this case brought by a New Jersey-based plaintiff and asserted against a Long Island-based defendant to Buffalo or Rochester, New York.

Consequently, Alfred has failed to meet its burden that the private interest factors weigh in favor of the transfer.

> 2. The Public Interest Factors Weigh in Favor of Denial of the Transfer Because Corning's Contract with DEMOD Contains a New Jersey Choice of Law Clause and New Jersey Has an Interest in Enforcing Contracts with New Jersey Residents.

Alfred has not met its burden of showing that the public interest factors weigh in favor of transfer, especially against the inconvenience to ADNAS and DEMOD. The public interest factors include, *inter alia*, the local interest in deciding the controversy, the familiarity with applicable law in diversity cases, and the public policies of the forum. *Id.* First, DEMOD, a New Jersey resident, alleges it had contracts with Alfred, ATRI, and Corning, and these contracts form the basis of several of Plaintiff's claims. New Jersey has an interest in ensuring contracts involving New Jersey corporations (like DEMOD) are enforced. *Ramada Worldwide, Inc. v.*

*Bellmark Sarasota Airport, LLC*, Civ. No. 05-2309 (HAA), 2006 WL 1675067, at *5 (D.N.J. June 15, 2006). For this reason alone, the transfer motion should be denied.

Second, the application of New Jersey law to the contract claims between Corning and DEMOD counsels against transfer. Alfred discusses the application of New York law and the resultant transfer due to the New York choice of law clause in its agreement with DEMOD. (Motion To Transfer at 11-12.) As noted by Corning in its letter to the Court, however, New Jersey law applies to the contract between Corning and DEMOD. (Walsh Letter at 1.) Because the contractual relationships between DEMOD and Corning form essential parts of the New Jersey Civil RICO, federal RICO, and misappropriation of trade secrets counts, New Jersey law applies in part to those claims. It is this Court that is best able to adjudicate contract issues governed by New Jersey law, not the courts of the Western District of New York.

Accordingly, the public interest factors—the application of New Jersey law to some of the claims and the interest of New Jersey in ensuring enforcement of contracts with New Jersey residents—mandate denial of Alfred's Motion To Transfer.

For all the above these reasons, Alfred has not met its burden of proving that transfer is warranted against Plaintiff's choice of forum and to the inconvenience of ADNAS.

## CONCLUSION

For the foregoing reasons, ADNAS respectfully requests that the Court deny Alfred's motion to transfer.

Respectfully submitted,

FULBRIGHT & JAWORSKI L.L.P.

Dated: September 30, 2011　　　　　　　　　By: /s/ Felice B. Galant
　　　　　　　　　　　　　　　　　　　　　　　　　Felice B. Galant
　　　　　　　　　　　　　　　　　　　　　　　　　666 Fifth Avenue
　　　　　　　　　　　　　　　　　　　　　　　　　New York, NY 10103
　　　　　　　　　　　　　　　　　　　　　　　　　(212) 318-3000
　　　　　　　　　　　　　　　　　　　　　　　　　fgalant@fulbright.com

　　　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant*
　　　　　　　　　　　　　　　　　　　　　　　　　*Applied DNA Sciences, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on September 30, 2011, a true and correct copy of the within document was electronically served on counsel for Plaintiff Demodulation, Inc., and Defendants Alfred University, Alfred Technology Resources, Inc., and Corning University via the Court's CM/ECF system.

<u>/s/ Felice B. Galant</u>

Felice B. Galant
