DEMODULATION, INC.,

                Plaintiff,

    v.

APPLIED DNA SCIENCES, INC.; CORNING, INCORPORATED; ALFRED UNIVERSITY; ALFRED TECHNOLOGY RESOURCES, INC.; JANE AND JOHN DOES 1-10; and XYZ CORPORATIONS 1-10,

                Defendants.

**AFFIDAVIT OF JON M. WILDER**

STATE OF NEW YORK    )

COUNTY OF STEUBEN    )    SS:

**JON M. WILDER**, being duly sworn, under the penalty of perjury, deposes and says:

1. I am the Executive Director of Alfred Technology Resources, Inc. ("ATRI"). ATRI is a New York not-for-profit corporation and an organization exempt from taxation under Section 501(c)(3) of the Internal Revenue Code. I am the corporate officer responsible for day-to-day operations of the organization.

2. I respectfully submit this Declaration in support of ATRI's request to seal the confidential and proprietary information filed on the public record by plaintiff's counsel in this matter. The records publicly disclosed by plaintiff, were done so without ATRI's consent or prior knowledge. The records were embezzled by a former ATRI employee, Gary Del Regno, and disclosed in violation of his explicit non-disclosure agreement with ATRI. The continued public availability of this

information will have a severe and irreversible impact on ATRI's mission and its subsidiary, for-profit businesses.

**Background of ATRI**

3.  ATRI is incorporated under the Not-for-Profit Corporation Law of New York State. ATRI's stated purpose and corporate mission is to foster the growth of entrepreneurial businesses in ceramics, glass, advanced materials and related technology-based industries and thereby assist in the creation of jobs in the Southern Tier Region of New York State.   ATRI's Certificate of Incorporation, as amended and filed with the Secretary of State, sets forth in detail these corporate purposes.  A true and correct copy is annexed hereto as Exhibit 1.

4.  To achieve its ultimate job-creation objectives, provides various "incubation" services to fledgling businesses to encourage and nurture their growth.  ATRI primarily manages two physical plants, in Painted Post, New York and Alfred, New York, in which unaffiliated, private companies rent space and access to state-of-the-art and expensive technology and equipment to facilitate their research and development activities.  The centers attract the attention of public and private universities and industry interested in developing technology-based products.   ATRI's facilities provide a centralized forum for its tenants to interface and connect with academic, public and private resources to develop, advance and commercialize technological innovations.

5.  ATRI is an independent and not-for-profit corporation governed by its Board of Directors.  ATRI has no shareholders and is not controlled or governed by any of the

remaining Defendants or any other organization, person, or entity.  ATRI exists solely to advance the objectives set forth in its Certificate of Incorporation.

6.  As an important component of its non-profit mission, ATRI assists in the development of successful start-up businesses. ATRI has recently established NanoMaterials Innovation Center LLC ("NMIC"), a for-profit subsidiary.  NMIC operates a research and development laboratory for clients and/or tenants to use for advanced microwave processing of nanomaterials.   ATRI is the sole member of NMIC.

**Gary Del Regno's Employment with ATRI**

7.  In 2009, ATRI hired Gary Del Regno to manage and run NMIC's fledgling NanoMaterials laboratory and develop its microwave technologies and processes. Mr. Del Regno was initially hired directly by ATRI; his services were subsequently loaned by ATRI to its wholly-owned subsidiary, NMIC.  In his position, Mr. Del Regno would be trusted to handle highly sensitive material (i.e. trade secrets such as nanopowder formulas developed by NMIC and NMIC clients).

8.  During the course of his employment, Mr. Del Regno's opinions and contributions were valued and considered instrumental to the ATRI Board's deliberations concerning the future of NMIC.  Mr. Del Regno's technical experience was crucial to efforts to build up the NMIC laboratory business.  He was therefore consulted on, and furnished access to, ATRI's and NMIC's confidential strategic plans.

9.  As a condition of his employment, therefore, Mr. Del Regno signed a Non-disclosure and Proprietary Information Agreement ("NDA").  A true copy is annexed hereto as

Exhibit 2. The NDA requires him to preserve and protect the confidentiality of Proprietary Information entrusted to him, or to which he was otherwise exposed during the course of his employment.

10. During 2011 and early 2012, ATRI and Mr. Del Regno engaged in negotiations for a written contract of employment, which did not result in an agreement. Mr. Del Regno continued in his position until ATRI terminated him on February 28, 2012. Due to the delicate nature of its business and that of its tenants and clients, ATRI immediately locked Mr. Del Regno out of its computer data network. At the same time, ATRI, through its attorney, demanded that Mr. Del Regno return any and all proprietary materials. Mr. Del Regno initially complied and appeared cooperative. He returned certain materials and represented that he had fully complied with his contract. Apparently, however, he had secretly retained at least some confidential and sensitive materials and disclosed these to plaintiff.

11. By disclosing and publicizing ATRI's proprietary business plans and other confidential information, Mr. Del Regno misappropriated data that he had no right to retain and admittedly and unabashedly flouted ATRI's turn-over directive. He has clearly breached the terms of the NDA. ATRI and NMIC have therefore commenced an action against Mr. Del Regno in New York State Supreme Court, seeking all available remedies, including an injunction and damages.

12. Lastly, Mr. Del Regno asserts in his certification that *during his employment* with ATRI he contacted the plaintiff's attorney and offered his assistance. By his own admission, then, Mr. Del Regno apparently spent at least the last several weeks of his employment with ATRI plotting to use his access to ATRI's systems and data to

bring harm to ATRI, in flagrant violation of his duty of loyalty to his employer. Mr. Del Regno's embezzlement of ATRI's data appears to have been executed with premeditation and malice. The information sought to be sealed is before the court only as a result of a brazen theft. In addition to violating numerous contractual and legal duties to ATRI, Mr. Del Regno's act constitutes a criminal embezzlement (under New York Penal Law § 155.05).

**Harm Caused by Mr. Del Regno's Certification and Exhibits**

13. The harm that could befall ATRI on account of Del Regno's breach of confidentiality would be catastrophic if the records were to remain accessible to the public. ATRI operates in a highly competitive field where new and proprietary technologies are developed and brought to market by businesses that understandably require guarantees of the utmost discretion and confidentiality from their strategic partners. Mr. Del Regno's misappropriations and disclosures, the extents of which are as yet unknown, would severely damage ATRI's reputation in this sensitive and highly competitive world.

14. High-tech companies are extremely careful with respect to where they conduct their research and development activities because their trade secrets are their competitive advantage, and, as such, they require the utmost precaution to protect their business secrets. If ATRI is to continue to pursue its corporate mission with any degree of success, it must continually demonstrate that its employees are trustworthy, that its information is secure and its business operations and the operations conducted by its tenants will remain confidential.

15. In the arena of technology transfers, any perception or doubt as to ATRI's ability to maintain the confidentialities of its tenants would be fatal.  The viability of its business would be severely impaired as technology companies would simply be unwilling to take any perceived risk with respect to the safekeeping of proprietary product and/or business information.  As it is an industry built entirely upon trust, the slightest perception of insecurity of its clients could bring ATRI's operations to an absolute halt.

16. Additionally, the NMIC is an enterprise that is, at least in part, engaged in direct competition with other foreign and domestic entities, especially in certain fields disclosed by Exhibits A and B to Del Regno's Certification, which reference NMIC's plans and progress developing various proprietary ventures in these areas. Knowledge of these plans and achievements by competitors could jeopardize competitive advantages currently held by NMIC, in turn jeopardizing ATRI's future ability to finance its operations.

17. Mr. Del Regno's continuing breach of confidentiality exposes ATRI to third-party claims for breach of ATRI's own nondisclosure obligations.  Mr. Del Regno's disclosures include information about relationships with private entities that are subject to strict confidentiality requirements. If the information were to remain unprotected, such strategic partners could sue ATRI for failing to prevent disclosure and keep this improperly obtained material out of the public record.

18. These harms are currently incapable of being quantified in monetary terms. However, if and when such claims and injuries ripen, ATRI's operations and mission could be ended or set back years while recovering the goodwill it will have lost.

Jon M. Wilder

Sworn to before me this
_10th_ day of May, 2012.

Notary Public

GABRIEL V. ROSSETTIE
Notary Public, State of New York
Registration #01RO6170266
Qualified In Steuben County
Commission Expires July 23, 2015

# EXHIBIT 1

U N I

U

CERTIFICATE OF INCORPORATION

OF

ALFRED CENTER FOR EMERGING TECHNOLOGIES, INC.

---

Under Section 402 of the
Not-For-Profit Corporation Law
of the State of New York

---

The undersigned, for the purpose of forming a corporation under Section 402 of the Not-For-Profit Corporation Law of the State of New York, hereby certifies that:

FIRST:   The name of the Corporation shall be: "Alfred Center For Emerging Technologies, Inc."

SECOND:   The Corporation shall be a corporation as defined in subparagraph (a)(5) of Section 102 of the Not-For-Profit Corporation Law.

THIRD:   The Corporation is organized exclusively for scientific purposes.

Such scientific purposes shall include, without limitation, the carrying on of scientific and technical research, such research being in the public interest by aiding the Western and Southwestern New York geographical areas by attracting, promoting and nurturing new industry in such areas and encouraging the retention and development of the ceramic, communication, electronic, transportation and other industries in such areas. In furtherance of such purposes, the objects and powers of the Corporation will be as follows:

(a)   To foster and support scientific and technological research, development and education in the State of New York through the establishment of a Center for Advanced Technology pursuant to Public Authorities Law § 3102-a and in cooperation with the government, the state government and the political subdivisions thereof, educational institutions, not-for-profit institutions and organizations, business enterprises and other persons concerned with scientific and technological research, development and education in the State of New York.

(b)   To aid New York State, particularly the Western and Southwestern New York geographical areas by attracting new industry to the area and encouraging the development and retention of the ceramic, communication, electronic and transportation industries through the establishment and construction of one or more emerging enterprise technology centers.

(c)   To cooperate with the New York State Department of Science and Technology and other institutions in conducting research and development activities and disseminating research results; and with the cooperation of technical and community colleges in New York to enhance the quality of technical education in technological areas with significant potential for economic growth or in areas in which the application of new technologies could enhance the productivity and stability of New York businesses.

(d)   To assist small and emerging science and technology oriented businesses in applying for federal research grants or state or federal procurement contracts.

(e)   To purchase, lease or otherwise acquire, to hold, and to mortgage, sell or otherwise dispose of or encumber real and personal property or any share or interest therein, and to invest, reinvest and deal with the same; to borrow money, to make, accept, endorse, execute and issue promissory notes and other obligations for money borrowed, property acquired or services received; to make and perform contracts and incur liabilities; and to delegate functions, conduct its activities through other organizations and individuals and to become a member of any committee or other organization.

(f)   To accept, receive, solicit, hold, invest, reinvest and administer gifts, legacies, bequests, devises, funds benefits or trusts (but not to act as trustee of any trust) money and property of any sort or nature, without limitation as to amount or value, for the purposes herein, manage and, subject to the provisions of the Not-For Profit Corporation Law, sell and exchange the same; to invest and reinvest the same and the proceeds thereof, and to collect and receive the income and profits therefor and therefrom.

-2-

(g)  In general, to do any and all things necessary or proper in connection with or incidental to the aforesaid purposes, and to exercise any and all powers in connection therewith which may now or hereafter be lawful for the Corporation to do and exercise under and in pursuance of the Not-For-Profit Corporation Law or any law or laws of the State of New York or of the United States of America that may now or hereafter be applicable to the Corporation, provided the same shall not be inconsistent with the provisions of this Certificate, and further provided that no work shall be done and no institutions shall be operated by this Corporation for profit but solely for the purposes hereinbefore set forth.

FOURTH:  The type of corporation it shall be under Section 201 of the Not-For-Profit Corporation Law is Type C.

FIFTH:  The lawful or quasi-public objective which each business purpose set forth in Article THIRD will achieve is:  to aid the Western and Southwestern New York geographical areas through the development, promotion and nurturing of technological areas that are related to industries with significant potential for economic growth and development within such areas and the State of New York, generally.

SIXTH:  No part of the net earnings of the Corporation shall inure to the benefit of, or be distributable to its members, trustees, officers, or other private persons, except that the Corporation shall be authorized and empowered to pay reasonable compensation for services rendered and to make payments and distributions in furtherance of the purposes set forth in Article THIRD hereof.  No substantial part of the activities of the Corporation shall be the carrying on of propaganda, or otherwise attempting to influence legislation, and the Corporation shall not participate in, or intervene in (including the publishing or distribution of statements) any political campaign on behalf of any candidate for public office.  Notwithstanding any other provision of these arti-

-3-

cles, the Corporation shall not carry on any other activities not permitted to be carried on (a) by a corporation exempt from federal income tax under Section 501(c)(3) of the Internal Revenue Code, or the corresponding section of any future federal tax code; or (b) by a corporation, contributions to which are deductible under Section 170(c)(2) of the Internal Revenue Code, or the corresponding section of any future federal tax code.

SEVENTH: In the event that the Corporation shall at any time be a private foundation within the meaning of Section 509 of the Internal Revenue Code, or the corresponding section of any future federal tax code:

(a)  The Corporation shall distribute its income for each taxable year at such time and in such manner as not to become subject to the tax on undistributed income imposed by Section 4942 of the Internal Revenue Code, or the corresponding provisions of any future federal tax code.

(b)  The Corporation shall not engage in any act of self-dealing as defined in Section 4941 of the Internal Revenue Code, or the corresponding provisions of any future federal tax code.

(c)  The Corporation shall not retain any excess business holdings as defined in Section 4943 of the Internal Revenue Code, or the corresponding provisions of any future federal tax code.

(d)  The Corporation shall not make any investment in such manner as to subject it to tax under Section 4944 of the Internal Revenue Code, or the corresponding provisions of any future federal tax code.

(e)  The Corporation shall not make any taxable expenditures as defined in Section 4945 of the Internal Revenue Code, or the corresponding provisions of any future federal tax code.

EIGHTH: Upon the dissolution of the Corporation or the winding up of its affairs, none of the assets of the Corporation shall be distributed to any director, member, trustee, officer or employee of the Corporation, and all such assets, after the payment



of the obligations of the Corporation, shall be transferred or distributed to an organization or organizations at the time qualified under Section 501(c)(3) of the Internal Revenue Code, or the corresponding section of any future federal tax code, subject to the applicable provisions of the Not-For-Profit Corporation Law of the State of New York at the time in effect, including approval, if required, by a Justice of the Supreme Court of the appropriate judicial district or shall be distributed to the Federal government, or to a state or local government, for a public purpose.

NINTH:    The office of the Corporation is to be located in the                    County of Allegany and State of New York.

TENTH::    The names and post office addresses of the persons constituting the initial Board of Directors of the Corporation are:

Name                            Post Office Address

Edward G. Coll, Jr.    c/o Alfred University, Main Street, Alfred, N.Y. 14802
Peter C. Fackler       c/o Alfred University, Main Street, Alfred, N.Y. 14802
S. Gene Odle           5 1/2 South Main Street, Alfred, New York 14802
W. Richard Ott         60 Maple Street, Wellsville, New York 14895

ELEVENTH:   The Secretary of State is hereby designated as agent of the Corporation upon whom process against it may be served. The post office address of the Corporation to which the Secretary of State shall mail a copy of any process required by law is:

7

c/o Alfred University
MAIN STREET

Alfred, New York  14802

TWELFTH:        The incorporator is of the age of eighteen
years or older.

IN WITNESS WHEREOF, I, the sole incorporator hereunto sign
my name the 27th day of May, 1987 under penalty of perjury.

Peter C. Fackler, Incorporator
c/o Alfred University, MAIN Street
Alfred, New York  14802


The undersigned has no objection to the granting of judi-
cial approval hereon and waives statutory notice.

                              Robert Abrams
                              Attorney General
                              State of New York

                              By: _____

June 17 1987

THE UNDERSIGNED HAS NO OBJECTION
TO THE GRANTING OF JUDICIAL
APPROVAL HEREON AND WAIVES
STATUTORY NOTICE.

ROBERT ABRAMS, ATTORNEY GEN.
STATE OF NEW YORK

by Howard Holt
     HOWARD HOLT
     Associate Attorney

I, Wayne A. Feeman, Jr.          , a Justice of the Supreme
Court of the State of New York, in the County of Allegany, do
hereby approve the foregoing Certificate of Incorporation of Alfred
Center For Emerging Technologies, Inc. and consent that the same be
filed.


Dated:    June 30, 1987
Supreme Court, Allegany County
Special Term, Part


                              _____
                Acting    Justice of the Supreme Court
                              Eighth Judicial District

9



# The University of the State of New York

STATE OF NEW YORK:
                            :
COUNTY OF ALBANY :

        Pursuant to the provisions of section 216 of the Education Law and section 404, subdivision (d) of the Not-for-Profit Corporation Law, consent is hereby given to the filing of the annexead certificate of incorporation of **ALFRED CENTER FOR EMERGING TECHNOLOGIES, INC.** as a not-for-profit corporation.

        This consent to filing, however, shall not be construed as approval by the Board of Regents, the Commissioner of Education or the State Education Department of the purposes or objects of such corporation, nor shall it be construed as giving the officers or agents of such corporation the right to use the name of the Board of Regents, the Commissioner of Education, the University of the State of New York or the State Education Department in its publications or advertising matter.

        This consent to filing is granted with the understandings and upon the conditions set forth on the reverse side of this form.



IN WITNESS WHEREOF this instrument is executed and the seal of the State Education Department is affixed this 28th day of July, 1987.

Thomas Sobol
Commissioner of Education

By: *James H. Whitney*

James H. Whitney
Acting Counsel

This consent to filing is granted with the understanding that nothing contained in the annexed certificate of incorporation shall be construed as authorizing the corporation to engage in the practice of law, except as provided by subdivision 7 of section 495 of the Judiciary Law, or of any of the professions designated in Title VIII of the Education Law, or to use any title restricted by such law, or to conduct a school for any such profession, or to hold itself out to the public as offering professional services.

This consent to filing is granted with the further understanding that nothing contained in the certificate of incorporation shall be construed as authorizing the corporation to operate a nursery school, kindergarten, elementary school, secondary school, institution of higher education, cable television facility, educational television station pursuant to section 236 of the Education Law, library, museum, or historical society, or to maintain an historic site.

This consent to filing shall not be deemed to be or to take the place of registration for the operation of a private business school in accordance with the provisions of section 5002 of the Education Law, nor shall it be deemed to be, or to take the place of, a license granted by the Board of Regents pursuant to the provisions of section 5001 of the Education Law, a license granted by the Commissioner of Motor Vehicles pursuant to the provisions of section 394 of the Vehicle and Traffic Law, a license as an employment agency granted pursuant to section 172 of the General Business Law, or any other license, certificate, registration, or approval required by law.

C530853

CERTIFICATE OF INCORPORATION

OF

ALFRED CENTER FOR EMERGING TECHNOLOGIES, INC.

Under Section 402 of the Not-for-Profit Corporation
Law of the State of New York

Certilman Haft Lebow Balin Buckley & Kre
805 Third Avenue - 23rd Floor
New York, New York   10022

**BILLED**

STATE OF NEW YORK
DEPARTMENT OF STATE

FILED AUG 7 1987

AMT. OF CHECK $
FILING FEE $
TAX $
COUNTY FEE $
COPY $
CERT $
REFUND $
SPEC HANDLE $

BY:

NYS DEPARTMENT OF STATE

| FILING RECEIPT | AMENDMENT-CHANGE OF NAME (NOT FOR PROFIT) |
|---|---|

CORPORATION NAME

ALFRED TECHNOLOGY RESOURCES, INCORPORATED

| DATE FILED | DURATION & COUNTY CODE | FILM NUMBER | CASH NUMBER |
|---|---|---|---|
| 01/25/88 | ALLE | B594721-7 | 102106 |

| NUMBER AND KIND OF SHARES | LOCATION OF PRINCIPAL OFFICE |
|---|---|
| TYPE C<br>$SERV | |

| ADDRESS FOR PROCESS | REGISTERED AGENT |
|---|---|
| | |

FEES AND/OR TAX PAID AS FOLLOWS:

AMOUNT OF CHECK $ 00040.00          AMOUNT OF MONEY ORDER $_____          AMOUNT OF CASH $_____

$ 6.00 _____ DOLLAR FEE TO COUNTY

| | | |
|---|---|---|
| $ | 030.00 | FILING |
| $ | | TAX |
| $ | | CERTIFIED COPY |
| $ | | CERTIFICATE |
| | 010.00 | MISCELLANEOUS |

FILER NAME AND ADDRESS

SHULTS AND SHULTS
9 SENECA STREET

TOTAL PAYMENT $   0000040.00

HORNELL            NY  14843

REFUND OF $

TO FOLLOW

380604-003 (8/84)                    GAIL S SHAFFER - SECRETARY OF STATE

NOTE:  This is a non-executed copy.  We are in the process
of obtaining Affidavit.

CERTIFICATE OF AMENDMENT

OF THE

CERTIFICATE OF INCORPORATION

OF

ALFRED CENTER FOR EMERGING TECHNOLOGIES, INC.

Under Section 803 of the Not-for-Profit Corporation
Law of the State of New York

We, the undersigned, being the president and secretary
of the ALFRED CENTER FOR EMERGING TECHNOLOGIES, INC., do hereby
certify:

1.  The name of the corporation is ALFRED CENTER FOR
EMERGING TECHNOLOGIES, INC.

2.  The certificate of incorporation of the ALFRED
CENTER FOR EMERGING TECHNOLOGIES, INC., was filed by the
Department of State on the 7th day of August, 1987.  The said
corporation was formed under the Not-for-Profit Corporation Law
of the State of New York.

3.  THE ALFRED CENTER FOR EMERGING TECHNOLOGIES, INC.,
is a corporation as defined in subparagraph (a)(5) of Section 102
of the Not-for-Profit Corporation Law and is a Type C corporation
under Section 201 of said law.

4.  Nothing herein shall authorize this corporation,
directly or indirectly, to engage in or include among its
purposes any of the activities mentioned in Section 404(b-t) of
the Not-for-Profit Corporation Law.

5.  The certificate of incorporation of the ALFRED
CENTER FOR EMERGING TECHNOLOGIES, INC., is hereby amended to
effect a change in the corporate name pursuant to Section 801
(b)(1) of the Not-for-Profit Corporation Law.  Paragraph FIRST of
the certificate of incorporation is hereby amended to read as
follows:

FIRST:  The name of the Corporation shall be:
"Alfred Technology Resources, Incorporated."

6.  The manner in which this amendment to the
certificate of incorporation of the ALFRED CENTER FOR EMERGING
TECHNOLOGIES, INC., was authorized by unanimous consent of the
members of the entire Board of Directors of the corporation

HULTS AND SHULTS
TORNEYS AND COUNSELORS
H_____ELL, NEW YORK

voting in person at a meeting duly called and held for that purpose on the 13th of October , 1987.

      7.   The Secretary of State of the State of New York is hereby designated the agent of the corporation upon whom process against it may be served.   The post office address to which the Secretary of State shall mail a copy of any process against the corporation served upon him as agent of the corporation is:

                c/o Alfred University
                    Main Street
            Alfred, New York  14802

      IN WITNESS WHEREOF, the undersigned have executed and signed this certificate this 27th day of October , 1987.

S. Gene Odle            , President

June T. Field            , Secretary

# EXHIBIT 2

# EXHIBIT 1

## To Complaint
### Alfred Technology Resources, Inc. et al. v. Del Regno

## Non-disclosure and Proprietary Information Agreement

This Non-disclosure and Proprietary Information Agreement (the "Agreement") is made this _18_ day of _NOVEMBER_ between _GARY E. DEL REGNO_ (EMPLOYEE) and Alfred Technology Resources, Inc., ATRI (EMPLOYER), who hereby agree as follows:

The EMPLOYEE acknowledges that he/she may have access to information that relates to the EMPLOYER and it's tenant companies past, present, or future products, software, research, development, inventions, computer processes, techniques, designs, programs and codes, or other technical information and data; the names, addresses, buying habit or practices of any of the EMPLOYER or its tenants; the EMPLOYER and its tenants marketing methods, programs and related data, or other written records used in the EMPLOYER's or its tenants businesses; compensation paid to employees independent EMPLOYEEs and about or concerning the business of the EMPLOYER and its tenants, manner of operations, or other data of any kind, nature or description (the "Proprietary Information").

The EMPLOYEE agrees to preserve and protect the confidentiality of the Proprietary Information and all physical forms thereof, whether disclosed to the EMPLOYEE before this Agreement is signed or afterward. In addition, the EMPLOYEE shall not disclose or disseminate the Proprietary Information to any third party and shall not use the Proprietary Information for his/her own benefit or for the benefit of any third party without prior written approval of the EMPLOYER's Executive Director. The foregoing obligations shall not apply to any information, which is publicly known. Within three days after the EMPLOYER's request, the EMPLOYEE shall return to the EMPLOYER all copies of Proprietary Information in tangible form.

_Gary E. Del Regno_
Signature

_November 18, 2009_
Date

# EXHIBIT 1