**HARRIS BEACH PLLC**
One Gateway Center, Suite 2500
Newark, New Jersey 07102
(973) 848-1244

*Attorneys for Defendant*
*Alfred Technology Resources, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
### (NEWARK VICINAGE)

| | |
|---|---|
| DEMODULATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> APPLIED DNA SCIENCES, INC.; CORNING, INCORPORATED; ALFRED UNIVERSITY; ALFRED TECHNOLOGY RESOURCES, INC.; JANE AND JOHN DOES 1-10; and XYZ CORPORATIONS 1-10, <br><br> Defendants. | Case No.:  2:11-cv-00296 (WJM/MF) <br><br> ( Motion Date: June 6, 2011) <br><br> *Filed Electronically* |

## BRIEF IN SUPPORT OF MOTION TO SEAL
## PURSUANT TO LOCAL CIVIL RULE 5.3(c)

On the Brief:

Steven A. Stadtmauer
Marina L. Schwarz

## PRELIMINARY STATEMENT

Defendant Alfred Technology Resources, Inc. ("ATRI") respectfully submits this Brief in Support of the instant application for an Order, pursuant to Local Civil Rule 5.3(c), protecting and sealing confidential and proprietary information contained in several documents filed by Plaintiff without ATRI's consent.

The materials were filed in opposition to Defendants' Motions to Dismiss and to purportedly support a theory of liability against ATRI.  These documents, however, contain sensitive, confidential and proprietary information that were illicitly retained and disclosed to Plaintiff by a former ATRI employee, in violation of his legal and contractual duties of non-disclosure.

ATRI is a New York State not-for-profit corporation operating as a business incubator at two facilities, in Painted Post and Alfred, New York.  Business incubation is designed to produce and nurture businesses that will ultimately "graduate" as freestanding, financially viable and successful, companies.  These incubator graduates will commercialize new technologies and create jobs.

A business incubator facility is technically defined as a multi-tenant facility, occupied by entrepreneurial client tenants, with support services provided by onsite management.  As of 2008, approximately eighty percent of business incubators in New York State were sponsored by non-profit entities, such as ATRI.  Frequently focused in a particular industrial niche, such as biomedical or technology, many incubators are

specialized and competitive. Incubators compete for public support that will enable them to develop and enhance their entrepreneurial training and service programs.

The subject proprietary information is contained in a Certification and corresponding exhibits signed by Gary Del Regno, a former ATRI employee and the former Managing Director of an ATRI subsidiary, NanoMaterials Innovation Center LLC ("NMIC"). In violation of his contractual and legal duties of nondisclosure, Mr. Del Regno's Certification and corresponding exhibits contained ATRI's highly sensitive, confidential and proprietary information, including business plans, trade secrets such as technological innovations, and research partners.

Unrestricted public availability to these materials would subject ATRI to very real and irreparable harm. Considering the flagrancy with which Mr. Del Regno disregarded his duties, and the nature of these and other materials to which Mr. Del Regno had access, Mr. Del Regno's disclosures have jeopardized ATRI's many government, business and academic relationships and subjected ATRI to potential liability for damages to others.

Although ATRI is not yet fully aware of the extent of his violations, ATRI has proceeded in the appropriate forum, New York State Supreme Court, to enforce its rights against Mr. Del Regno, and to restrain further disclosures. A restraining order has been entered and a first hearing date set for May 24, 2012. ATRI is also investigating and intends to discover the universe of documents he may still possess or may have already disclosed. Until Mr. Del Regno has appeared in that proceeding, however, ATRI is

unable to fully and clearly define the risk(s) of harm caused by the known disclosures and the potential for others through further disclosures.

For this reason, ATRI urges the Court to continue its temporary sealing order until, at least, the May 24, 2012 hearing on the TRO. Once additional information is obtained, ATRI will supplement this submission as permitted by Local Civil Rule 5.3(c)(2).[1] In the interim, however, the facts presently known to ATRI militate toward sealing.

---

[1] Rule 5.3(c)(2) provides that "If the information required in this section is not within the knowledge of the movant, supplemental motion papers in support of the motion may be filed by a party, individual or entity having such knowledge not later than fourteen (14) days after the filing of the motion."

## STATEMENT OF FACTS

The relevant background and procedural aspects of this application are set forth herein. For a more detailed discussion of ATRI, its business and the nature of the documents, ATRI respectfully refers the Court to the accompanying Affidavit of ATRI's Executive Director, Jon M. Wilder, along with the exhibits annexed thereto. ATRI intends to supplement this submission with additional information it is discovering through investigation and through the pending New York state court litigation, as permitted by Rule 5.3(c)(2).

This action was commenced on or about January 18, 2011. (Docket Entry 1). In response to motions filed by the defendants, Plaintiff amended its pleading on or about August 3, 2011. (Docket Entry 34). All defendants timely moved to dismiss this First Amended Complaint and these motions are *sub judice* before Judge William J. Martini of this Court. (Docket Entry 46-49).

In support of its omnibus Opposition to Defendants' Motions to Dismiss (Docket Entry 57), Plaintiff submitted the subject Certification and corresponding exhibits executed by Gary Del Regno, a former employee of ATRI and its subsidiary, NMIC. (Docket Entries 57-6, 57-7 and 57-8). Based upon the substance of these documents, ATRI commenced an action against Mr. Del Regno in the Supreme Court of the State of New York, Steuben County, and immediately applied for an appropriate order with temporary restraints. (Stadtmauer Decl. Exhibit "2"). Acting on ATRI's *ex parte* application, Justice Matthew A. Rosenbaum of that court entered an Order to Show Cause restraining and enjoining Mr. Del Regno from "communicating, publishing, or

4

disclosing to any person or persons any of [ATRI's] Proprietary Information."
(Stadtmauer Decl. Exhibit "3"). A first show cause hearing is scheduled for May 24,
2012.

ATRI also applied to this Court for a temporary sealing order under Rule
5.3(c)(6). (Docket Entry 60). Plaintiff opposed this application. (Docket Entry 61). By
Order dated April 30, 2012, the Honorable Mark Falk, U.S.M.J., granted ATRI's letter
application and directed that, pursuant to Local Civil Rule 5.3(c)(6), the above-referenced
documents were to be temporarily sealed pending adjudication of a formal motion to seal.
(Docket Entry 62). ATRI was directed to file its motion on or before May 11, 2012. Id.

In an attempt to avoid motion practice, ATRI's counsel communicated with
plaintiff's counsel and requested the opportunity to negotiate a mutually acceptable
protective order. While counsel agreed to consider the proposal, the efforts were not
reciprocated.

ATRI now moves for an Order permanently sealing the offending documents or,
in the alternative, continuing the temporary sealing order in effect pending adjudication
of the New York State Supreme Court action.

## LEGAL ARGUMENT

### I.   ATRI IS ENTITLED TO A SEALING ORDER PURSUANT TO RULE 5.3(c)

Under the Local Civil Rules of this Court, any party may move to seal, or otherwise restrict access to, any materials that would otherwise be available for review by the public. Loc. Civ. R. 5.3(c)(2). The papers supporting such a motion "shall describe (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available." Id.

ATRI respectfully submits that the factual circumstances known to it and described in these papers satisfy these requirements, adequately supporting its application. ATRI also intends to supplement this motion with additional information it will discover through investigation and via the state court litigation as permitted by Rule 5.3(c)(2).

On April 26, 2012 Justice Matthew Rosenbaum entered an Order to Show Cause with temporary restraints prohibiting further dissemination and disclosure of the materials misappropriated by Mr. Del Regno (the "TRO") in the Supreme Court of the State of New York, Steuben County. (Stadtmauer Decl. Exhibit "3"). A show cause hearing is scheduled before Justice Rosenbaum on May 24, 2012. Id.

As set forth in its verified state court Complaint, ATRI asserts that Mr. Del Regno violated the terms of his Non-disclosure and Proprietary Information Agreement

("NDA") by misappropriating and disclosing ATRI's sensitive confidential and proprietary information to Demodulation's counsel.   (Stadtmauer Decl. Exhibit "1"). Although ATRI does not yet know the extent of the misappropriations, some of the information to which Mr. Del Regno had access appears in the temporarily sealed Certification and its attached materials.   ATRI intends to prove that the misappropriated information was indeed proprietary, sensitive and confidential and that Mr. Del Regno's inappropriate disclosures violated the terms of the NDA he signed when first employed. ATRI will also show that further disclosure(s) would cause it immediate and irreparable harm so its private interests in non-disclosure are actually aligned with the public's interests and thus outweigh the general presumption favoring public access.

### A.      The New York Court Made Findings Based on Factors Similar to the Rule 5.3(c) Criteria.

The relevant New York statutory authority governing interim injunctive relief is contained in Article 63 of the Civil Practice Law and Rules ("CPLR").   These include well-known standards:   (i) The likelihood for success on the merits; (ii) irreparable injury; and (iii) a balance of equities in the movant's favor.   Aetna Ins. Co. v. Capasso, 75 N.Y.2d 860, 862, 552 N.Y.S.2d 918 (1990); Doe v. Axelrod, 73 N.Y.2d 748, 536 N.Y.S.2d 44 (1988); W.T. Grant Co. v. Srogi, 52 N.Y.2d 496, 517, 438 N.Y.S.2d 761 (1981); See CPLR 6312(a).[2]

---

[2] Under CPLR 6312(a), ATRI must show "that there is a cause of action, and either that the defendant threatens or is about to do, or is doing or procuring or suffering to be done, an act in violation of the Plaintiff's rights respecting the subject of the action and tending to render the judgment ineffectual; or that the Plaintiff has demanded and would be entitled to a judgment restraining the defendant from the commission or continuance of

Building on these requirements, the statutory TRO provision, CPLR 6313(a), adds an additional critical element. If, when moving for a preliminary injunction, "Plaintiff shall show that immediate and irreparable injury, loss or damages will result unless the defendant is restrained before a hearing can be had, a temporary restraining order may be granted without notice." Id.

In granting ATRI's application, and issuing the TRO *ex parte*, and without prior notice, Justice Rosenbaum necessarily found, at least preliminarily, that ATRI made a sufficient showing with respect to all these elements. While questions of fact may exist, the law specifically provides that "The existence of a factual issue on a motion for a preliminary injunction is not, standing alone, a sufficient basis for its denial." CPLR 6312(c). While ultimate satisfaction of all the elements may be disputed, the law allows the prior restraint while requiring a hearing "at the earliest possible time." Id. In this case, such a hearing is set for May 24, 2012.

Not surprisingly, the specific findings required to support a Rule 5.3(c) sealing order are similar to those required for the issuance of a TRO. In fact, the two most essential elements are nearly identical, and have already been addressed by Justice Rosenbaum: (1) whether ATRI is likely to succeed in showing that the materials disclosed were, in fact, proprietary and confidential in nature; and (2) that immediate and irreparable injury, loss or damage will result unless further disclosure is restrained. *Compare*, Rules 5.3(c)(1) and (2).

---

an act, which, if committed or continued during the pendency of the action, would produce injury to the Plaintiff..."

8

Federal tribunals generally grant full faith and credit to the orders of state courts, whether they sit in the same or differing states. Given scant record developed thus far, ATRI respectfully submits that this Honorable Court defer to the judgment of the New York State Court primarily concerned with this matter. While ATRI may ultimately fall short of its burdens in New York, lifting the sealing order would subvert the purpose and intent of the TRO, effectively controverting the initial findings of the state court justice. If this Honorable Court's temporary sealing order is not extended, the purpose of Justice Rosenbaum's TRO will be frustrated, ATRI's claims against Mr. Del Regno prejudiced and the entire New York proceeding preempted.

Furthermore, the purpose of the New York proceeding is to determine the very issues raised in this application. While this motion is ancillary to the much larger litigation before this Court, the issues to be decided on this motion are central to the New York action. At least preliminarily, continuing the temporary sealing order is the optimal route, as it would both maintain the status quo and defer to the state court's TRO and initial findings.

**B.**      ***ATRI is Entitled to a Sealing Order Under These Circumstances***

Mr. Del Regno breached his NDA with ATRI and misappropriated ATRI's confidential and proprietary business information and trade secrets, as well as those of NMIC and their clients and customers. The Certification and corresponding exhibits contain sensitive information and documentation that must remain protected to ensure that ATRI does not sustain the unavoidable serious harm that would result upon their release to the public.

The public's right to access court filings is not absolute and it is well within the District Court's discretion to restrict access.  See Nixon v. Warner Communications, Inc., 435 U.S. 589, 603 (1978).  The District Court, upon a proper showing by the proponent of sealing certain materials, may prevent such confidential materials from being "transmuted into materials presumptively subject to public access." Gambale v. Deutsche Bank AG, 37 F.3d 133, 143 n.8 (2d Cir. 2004) (quoted in Pfizer, Inc. v. Teva Pharmaceuticals USA, Inc., Civ. No. 08-1331, 2009 WL 2256484, at *2 (D.N.J. 2009) (Falk, M.J.).

Any presumption of public access may be rebutted with a showing of good cause for protecting the subject materials.  In re Cendant Corp., 260 F.3d 183, 194 (3d Cir. 2001).  "Good cause exists when a party makes a particularized showing that disclosure will cause a clearly defined and serious injury to the party seeking disclosure." Securimetrics, Inc. v. Iridian Techs, Inc., 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006). "[T]o determine whether good cause exists, a court should look to the factors outlined in this District's Local Civil Rule 5.3." Bracco Diagnostics, Inc. v. Amersham Health Inc., 2007 WL 2085350, at *2 (D.N.J. July 18, 2007).

Local Civil Rule 5.3(c) requires that the supporting papers describe "(a) the nature of the materials…at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available."  Local Civ. R. 5.3(c).  These criteria are sufficiently satisfied, at least

10

preliminarily, by the findings of the state court and the papers submitted with this application.

## II.   NO LESS RESTRICTIVE ALTERNATIVES ARE AVAILABLE TO PROTECT THEIR INFORMATION

The information at issue must remain protected from public access.  There are no less restrictive means of protecting it as each document is replete with trade secrets, confidential or otherwise sensitive information.  The opportunity to negotiate reasonable restrictions or redactions was offered to Plaintiff, but rejected.  Short of a negotiated resolution, ATRI must request complete sealing to ensure that this information remains confidential.

However, as ATRI's investigation into the misappropriations continues and the New York action proceeds, ATRI will learn more about the disclosures and, to the extent the Court may direct ATRI to agree to redact portions of the materials for public access in lieu of a complete seal, ATRI will certainly comply.  However, unless Plaintiff cooperates in the designation process, ATRI is forced to continue the instant application for complete sealing.  Unless Plaintiff shows reason otherwise, the less burdensome option is to order the documents sealed in their entirety, subject to the future right of the parties to request that all or portions be unsealed.

## CONCLUSION

For the foregoing reasons, and for all those additional reasons appearing on the record, ATRI respectfully requests that this Honorable Court act to protect the interests of parties and non-parties alike by entering a Protective Order pursuant to Local Civil Rule

11

5.3(c) and permanently sealing Gary Del Regno's Certification and corresponding exhibits, annexed to Demodulation's Opposition to Defendants' Motions to Dismiss and for such other and further relief as this Court deems just and proper.

Dated: May 11, 2012

Respectfully submitted,

HARRIS BEACH PLLC


By: /s/ Steven A. Stadtmauer_____
      Steven A. Stadtmauer
      Marina L. Schwarz

One Gateway Center, Suite 2500
Newark, New Jersey 07102
(973) 848-1244
sstadtmauer@harrisbeach.com

*Attorneys for Defendant*
*Alfred Technology Resources, Inc.*