UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEMODULATION, INC.<br><br>Plaintiff,<br><br>vs.<br><br>APPLIED DNA SCIENCES, INC., CORNING INCORPORATED., ALFRED UNIVERSITY, ALFRED TECHNOLOGY RESOURCES, INC., JOHN AND JANE DOES 1-10 (fictitious names for individuals whose identities are not yet known), and XYZ CORPORATIONS 1-10 (fictitious names for corporations whose identities are not yet known),<br><br>Defendants. | CIVIL ACTION NO:<br><br>2:11-cv-00296 (WJM) |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT ALFRED TECHNOLOGY RESOURCES, INC.'s MOTION TO SEAL PURSUANT TO LOCAL CIVIL RULE 5.3 (c)**

**AROMANDO & LIGHT, LLC**
195 Fairfield Avenue, Suite 4D
West Caldwell, New Jersey 07006
973-403-9100
*Attorneys for Plaintiff*

## **TABLE OF CONTENTS**

TABLE OF CONTENTS……………………………………………………………….i

TABLE OF AUTHORITIES……..……………………………………………………ii

LEGAL ARGUMENT…………………………………………………………….. 2

    I.    ATRI IS NOT ENTITLED TO A SEALING ORDER PURSUANT
          TO RULE 5.3(c)…………………………………………………..…...…2

CONCLUSION……………………………………………………………………. 4

# TABLE OF AUTHORITIES

**CASES**

Borkowski v. Fraternal Order of Police, Philadelphia Lodge No. 5,
  155 F.R.D. 105, 113 (E.D.Pa.1994)…………………………………………………..3

Cent. Jersey Freightliner, Inc. v. Freightliner Corp.,
  987 F.Supp. 289, 301 (D.N.J.1997)……………………………………………….3

Cuadra v. Univision Communications, Inc.,
  CIV.A. 09-4946 JLL, 2012 WL 1150833 (D.N.J. Apr. 4, 2012) …………………2,3

FTC v. Lane Labs USA, Inc.,
  2007 U.S. Dist. LEXIS 6430 (D.N.J. Jan. 29, 2007)……………………………..4

In re Cendant Corp.,
  260 F.3d 183, 194 (3d Cir. 2001)……………………………………………….2,3

Leucadia, Inc. v. Applied Extrusion Techs., Inc.,
  998 F.2d 157 (3d Cir.1993)………………………………………...……………2

Osteotech v. Regeneration Technologies,
  2008 U.S. Dist. LEXIS 9754 (D.N.J. Feb. 11, 2008)…………………………….4

## **LEGAL ARGUMENT**

I. ATRI IS NOT ENTITLED TO A SEALING ORDER PURSUANT TO RULE 5.3(c)

The information ATRI is seeking to seal is sworn testimony from Gary DelRegno, an intimately knowledgeable witness asserting that ATRI essentially stole his idea to manufacture and sell nanopowders in violation of its non-profit charter and other obligations. So the very heart of ATRI's motion is deficient because there is presented at least a genuine dispute of fact whether any subject proprietary information belongs to Mr. Del Regno. Since there is no apparent principled reason why the Court should adopt one party's position with regard to ownership based on the papers submitted, the Court should find that ATRI has not met its "heavy burden" to prove its entitlement to seal the certification and exhibits. See Cuadra v. Univision Communications, Inc., CIV.A. 09-4946 JLL, 2012 WL 1150833 (D.N.J. Apr. 4, 2012) (*citing* In re Cendant Corp., 260 F.3d 183, 194 (3d Cir. 2001).

Local Civil Rule 5.3 begins with the premise that all documents filed in court are open to the public examination and shall not be sealed. L.Civ.R. 5.3(a)(4). There is a common law right to such access. "There is a presumptive right to public access to all material filed in connection with non-discovery pretrial motions ... but no such right as to discovery motions and their supporting documents." Leucadia, Inc. v. Applied Extrusion Techs., Inc., 998 F.2d 157 (3d Cir.1993). Here, the subject information was submitted in connection with a non-discovery motion so the presumption attaches.

"A party seeking to close a hearing or seal a judicial record bears the heavy burden to demonstrate that the material is of a sort that is protectable and that "disclosure will work a clearly defined and serious injury to the party seeking closure." Cuadra v. Univision

2

Communications, Inc., CIV.A. 09-4946 JLL, 2012 WL 1150833 (D.N.J. Apr. 4, 2012) (*citing* In re Cendant Corp., 260 F.3d 183, 194 (3d Cir. 2001). ATRI has done neither.

ATRI has not shown that all of the material it seeks to seal is proprietary and confidential to it. ATRI points to a confidentiality agreement that DelRegno allegedly signed with ATRI as evidence that the information was treated as proprietary. Yet all of the information attached as Exhibit A to his certification concerns NMIC, not ATRI. Since ATRI is only a shareholder in NMIC and because they must be distinct corporations with distinct boards of directors in order for ATRI to maintain its non-profit tax exempt status, the NMIC material attached as Exhibit A may be proprietary to NMIC, but necessarily not to ATRI. As such, ATRI has no standing to claim ownership to the material attached as Exhibit A to the DelRegno Certification. See Cent. Jersey Freightliner, Inc. v. Freightliner Corp., 987 F.Supp. 289, 301 (D.N.J.1997); Borkowski v. Fraternal Order of Police, Philadelphia Lodge No. 5, 155 F.R.D. 105, 113 (E.D.Pa.1994). As NMIC is certainly aware of the filing of the DelRegno certification but has not acted to intervene, it may be inferred that it is choosing not to claim Exhibit A should be sealed. Therefore, Exhibit A may not be sealed.

Exhibit C to the DelRegno certification is also not confidential or proprietary. As explained in the DelRegno certification, Exhibit C is a copy of a contract he was offered. There has been no claim by ATRI that this contract was confidential – the contract itself does not claim it to be. There has also been no suggestion that harm will result from the disclosure of Exhibit C. Therefore, Exhibit C may not be sealed.

Arguably, Exhibit B of the certification is proprietary to ATRI, but there is nothing confidential about it and no catastrophe will result from its disclosure. As its Mission Statement

3

claims, at page 4 of the exhibit: "The central purpose and role of ATRI is to assist in creation of jobs… by operating incubator facilities to foster growth of entrepreneurial businesses." Since its business plan is to help other companies and individuals, there should be nothing confidential about its strategic plan and ATRI has not specifically identified what is.

Mr. Wilder's certification claims only one sort of harm that would arise if the materials are not sealed: ATRI's strategic partners might be scared off if they believe that their information is not secure. However, nothing in the DelRegno certification discloses any information proprietary to any such partner. The only information concerning any third party contained in the materials is Mr. DelRegno's statement that two commercial customers agreed to purchase nanopowders from NMIC. Once again, ATRI is not permitted to speak for NMIC, alleged harm to NMIC is not harm to ATRI, and neither NMIC nor the customers have complained that Mr. DelRegno disclosed their agreement. As such ATRI has not alleged or proven that it would suffer specific and immediate harm unless the records are sealed. See FTC v. Lane Labs USA, Inc., 2007 U.S. Dist. LEXIS 6430 (D.N.J. Jan. 29, 2007)(Cavanaugh); Osteotech v. Regeneration Technologies, 2008 U.S. Dist. LEXIS 9754 (D.N.J. Feb. 11, 2008)(Bongiovanni).

## CONCLUSION

In conclusion, ATRI's motion must be denied and the temporary seal lifted because ATRI has not shown that the information at issue actually belongs to it, that the information is actually confidential and that specific harm will occur if the records are not sealed.

Respectfully submitted,

/s Benjamin D. Light/s

4