UNITED STATES DISTRICT COURT
OF THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEMODULATION, INC.,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br><br>CORNING, INC. ET AL.,<br><br>　　　　　　　　　　Defendants. | Civil Action No. 11-296 (WJM)<br><br>**AFFIRMATION OF SETH M. COHEN IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL AND IN SUPPORT OF <u>CROSS-MOTION TO QUASH</u>** |

　　　　Seth M. Cohen, an attorney admitted to practice, and in good standing, before the courts of the State of New York, Court of Appeals for the Second Circuit, Southern District of New York, and Eastern District of New York, of full age, affirms under penalty of perjury:

　　　　1.　　I am an attorney with the law firm of Bracewell & Giuliani LLP, counsel to Giuliani Partners LLC ("Giuliani Partners") and Rudolph W. Giuliani, both non-parties to the above-entitled action. I submit this affirmation in connection with Non-Parties Rudolph W. Giuliani and Giuliani Partners LLC's Opposition to Plaintiff's Motion To Enforce Non-Party Subpoenas And In Support of Rudolph W. Giuliani's Cross-Motion To Quash And For Sanctions.

　　　　2.　　On or about December 11, 2013, Plaintiff Demodulation, Inc. served a subpoena *duces tecum* and *ad testificandum* on Giuliani Partners (the "Giuliani Partners Subpoena"). A true and correct copy of the Giuliani Partners Subpoena is annexed hereto at Exhibit A.

　　　　3.　　The Giuliani Partners Subpoena seeks information relating to a consulting agreement between Giuliani Partners and non-party Applied DNA Sciences, Inc. ("ADNAS"),

dated on or around August 6, 2004.  Giuliani Partners terminated the engagement with ADNAS in April 2005 and has not performed any work for ADNAS since that time.  My understanding is that while ADNAS was formerly a defendant in the underlying litigation, the Court severed ADNAS as a party approximately one year ago.  *See* Docket No. 106.

4. Following receipt of the Giuliani Partners Subpoena, this office reached out to Benjamin Light, counsel to Plaintiff, to meet and confer.  We informed Mr. Light that, while responsive documents were unlikely to turn up given the nearly ten (10) year-old subject matter of the subpoena, Giuliani Partners would nevertheless endeavor to conduct a reasonable search of its files.  We also urged Plaintiff to withdraw the subpoena given its dubious relevance to the underlying litigation.

5. Contrary to the statement contained in Mr. Light's certification that Giuliani Partners "failed to comply with their non-party subpoena," at no time did this office inform Mr. Light that Giuliani Partners would not produce arguably responsive documents and/or a witness for a deposition.  *See* Certification of Benjamin D. Light, dated February 21, 2014 at ¶¶ 4-6.

6. Giuliani Partners was in the process of conducting its document search when, on February 5, 2014, Plaintiff served a subpoena *duces tecum* and *ad testificandum* on Rudolph W. Giuliani, the Chairman and CEO of Giuliani Partners, in his personal capacity (the "Giuliani Subpoena").  The Giuliani Subpoena is dated January 15, 2014.  A true and correct copy of the Giuliani Subpoena is annexed hereto at Exhibit B.

7. The requests contained in the Giuliani Partners Subpoena and Giuliani Subpoena are identical.

2

8. I reached out to Mr. Light by e-mail and phone on February 5, 2014, to request that Plaintiff withdraw the Giuliani Subpoena, given Giuliani Partners' ongoing compliance.

9. Mr. Light contacted me by telephone on February 7, 2014 and informed me that he was "too busy" and "[did] not have to explain to [me]" the rationale underlying the subpoena to Mr. Giuliani, and that he would only withdraw the Giuliani Subpoena on the condition that Mr. Giuliani certify in writing that he had "no personal knowledge" regarding the subject matter of the subpoena. I conveyed to Mr. Light my view that both the subpoena to Mr. Giuliani and the demand for a written certification were unreasonable, had no basis in Rule 45, and bordered on harassment.

10. Given the impending compliance date of the Giuliani Subpoena, and in an effort to resolve all outstanding issues without the Court's intervention, I requested, and Mr. Light consented to, an extension of the response deadline of the Giuliani Subpoena to February 26, 2014. A true and correct copy of the e-mail memorializing that extension, dated February 7, 2014, is attached hereto at Exhibit C.

11. On or around February 12, 2014, I confirmed to Mr. Light by letter, dated February 14, 2014, that Mr. Giuliani had no specific knowledge or present recollection relating to the consulting agreement between Giuliani Partners and ADNAS or the topics covered by the Giuliani Subpoena. I requested that Mr. Light confirm by February 19, 2014, that, given counsel's representations, the subpoena as to Mr. Giuliani was withdrawn. A true and correct copy of the February 14, 2014 letter is annexed hereto at Exhibit D.

12. My February 14 letter also identified two arguably responsive documents discovered by Giuliani Partners in connection with its reasonable search. Those documents were subsequently produced on February 24, 2014.

3

13.     On February 19, 2014, I received a call from Matthew Major, an associate with Mr. Light's firm. Mr. Major restated Plaintiff's condition of withdrawal of the Giuliani Subpoena: Mr. Giuliani must certify in writing that he has "no knowledge" of the matters in the Giuliani Subpoena. I reiterated the unreasonableness of this requirement given my prior representations (to both Mr. Light and Mr. Major by telephone) that Mr. Giuliani has no unique or superior knowledge relating to the ADNAS engagement. Moreover, I stated that any continued insistence for a deposition from Mr. Giuliani was wholly unreasonable given that Giuliani Partners was in the process of identifying a suitable witness to be deposed.

14.     Just a few hours later, we received a letter from Mr. Major purporting to represent Plaintiff's "final good-faith attempt to resolve these discovery issues before we seek the court's intervention by way of motion(s). A true and correct copy of Mr. Major's February 19, 2014 letter is annexed hereto as Exhibit E.

15.     On Friday, February 21, 2014, Plaintiff filed the instant Motion to Enforce Non-Party Subpoenas.

16.     On Monday, February 24, 2014, we sent a letter to Mr. Major: (1) clarifying a number of inaccuracies contained in both the Plaintiff's motion papers and his February 19, 2014 letter; (2) enclosing a written certification from Mr. Giuliani regarding his limited knowledge relating to ADNAS; (3) enclosing Giuliani Partners' document production; and (4) indicating that Giuliani Partners was in the process of identifying a witness to be deposed. Given the above, we requested that Plaintiff withdraw both the Motion (which we believed to be moot) and the Giuliani Subpoena. A true and correct copy of the February 24, 2014 letter and the Certification of Rudolph W. Giuliani, dated February 24, 2014, is annexed hereto as Exhibits F and G, respectively.

17. Over the course of the next several days following Plaintiff's filing of the Motion, we continued to articulate to Plaintiff's counsel the inappropriateness and futility of the deposition of Mr. Giuliani in an effort to avoid the need to seek the Court's intervention. *See, e.g.* e-mails dated February 25, 2014, February 27, 2014, and February 28, 2014, annexed hereto at Exhibits H, I, and J, respectively.

18. Other than agreeing to an extension by Mr. Giuliani to respond to the subpoena until March 5, 2014, Plaintiff's counsel rejected all of our efforts to resolve all outstanding issues without the Court's intervention. A true and correct copy of the February 25, 2014 e-mail memorializing the extension is annexed hereto as Exhibit K.

*/s/ Seth M. Cohen*
Seth M. Cohen

DATED: March 3, 2014